PIETRI v. LOUISVILLE & N. R. Co.*

(Division B. Nov. 19, 1928. Suggestion of Error Overruled Dec. 17, 1928.)

[119 So. 164. No. 27364.]

*Corpus Juris-Cyc References: Negligence, 45CJ, section 480, p. 905, n. 37; Railroads, 33 Cyc, p. 1129, n. 67; Negligence to warrant recovery must be proximate cause of injury, see L. R. A. 1917E, pp. 197, 209, 240; 22 R. C. L. 113; 3 R. C. L. Supp. 1233; 4 R. C. L. Supp. 1456; 5 R. C. L. Supp. 1194; 6 R. C. L. Supp. 1315; 7 R. C. L. Supp. 736.

*Gex & Russell*, for appellant.

*Smith, Young & Johnston,* for appellee.

*Gex & Russell,* in reply for appellant.

Argued orally by *Bryan Russell*, for appellant.

PACK, J.   This is a suit for personal injury and loss because of damage to an automobile struck by a train at a highway crossing.  The declaration is in two counts.  In the first count the appellant alleges, substantially, that, as she approached the highway crossing on the Van Cleave and Ocean Springs public highway, she observed the "stop" signal, looked both ways, and saw no train.  She drove up on the railroad track at the crossing, which was defective, in that there was a declivity of about three inches between the rails.  This declivity caused her car to "jerk," and the engine was "killed."  She made an unsuccessful attempt to start the engine.  She then discovered a train approaching at a distance of about three miles.  Unable to start the motor, she alighted, and undertook to push the car from the track.  The front part of the car was over, but the rear end was between the rails.  Failing to push the car, she tried to flag the train, using for that purpose her handkerchief and a bright red dress she was wearing; that the engineer in charge of the train gave no heed, and she became very much frightened, and ran away for safety.  She was some distance away when her car was struck by the locomotive, and demolished.

The second count details the injuries suffered by her, due to fright occasioned by this occurrence.  She was not physically injured, except as a result of the fright.

The proof shows that appellant left the track when the train was about a half mile away, and that she ran about seventy-five feet, and stopped until after the collision.

The cause was submitted to the jury on the question of damage to the car, resulting in a verdict for plaintiff,

appellant here, of four hundred dollars. Appellant makes no complaint of the trial court in so far as concerns the judgment for damage to the car. The only ground of error seriously argued is the action of the trial court in refusing to permit plaintiff to submit to the jury the question of damages for injuries alleged to have resulted from the fright incident to the collision. Proof was offered to the jury on this point, but objection to its admission was sustained. In ruling upon this objection, the trial court said:

"The testimony in this case shows that this plaintiff drove on the track and that her car stopped, not through the negligence of the railroad, perhaps not through the negligence of anybody, but the negligence of the railroad had nothing to do with causing the car to stop. Under her testimony the train was some three miles away. She got out and undertook to push the car off. If she received any injury by undertaking to push that car off, those injuries were not caused by the railroad company. The railroad company had not been guilty of any negligence up to the time she left the track, so the railroad company could not possibly be responsible for any injury that she received by pushing this car. They had not been guilty of any negligence at that time. When the train was a half mile away she left the track and ran off in a hysterical condition, according to her testimony. The railroad company still had not been guilty of any negligence and the railroad company could not be responsible for that."

Appellant invokes the doctrine that a wrongdoer is liable to the person injured for all damages, as the direct proximate consequence of his wrongful act or omission, and also cites authorities upholding the right to recover damages for physical injuries resulting from fright proximately caused by negligence.

Conceding that the principles of law relied upon by appellant are applicable to facts bringing them into play, they do not solve the question now under review. For

this appellant to recover, she must have received physical injuries, traceable for their proximate cause to the negligence of the railroad company. The negligence pleaded and relied upon was the failure of the engineer and fireman to keep the proper lookout in approaching the crossing. It is easy to see how this negligence could have caused the car to be demolished. Appellant, however, according to the undisputed proof, left the track when the train was half a mile away, and she was in a place of perfect safety when the collision occurred. Not only was it necessary to show that the particular negligence charged and proven was the proximate cause of appellant's personal injury, but it was necessary to show that, in the light of all the circumstances, it should have been foreseen as a probable and natural consequence. We concede that it is not an easy matter to determine and define proximate cause. As was said by this court in *Billingsley* v. *I. C. R. Co.*, 100 Miss. 612, 56 So. 790 :

"Proximate cause is said to be a 'vexed metaphysical question;' but it can be safely said that, in order to constitute a proximate cause, there must be causal connection between the injury and the negligence complained of."

It is clear to us, however, that in the instant case there was no causal connection between the injury and the negligence complained of. It follows that the judgment of the court below will be affirmed.

*Affirmed.*