ALABAMA & VICKSBURG RAILWAY COMPANY v. SYLVESTER
CARTER.

1. RAILROADS. *Code* 1892, § 3546. *Excessive speed in municipality. Causal connection. Trespasser. Proximate cause.*

The provisions of code 1892, § 3546, making railroads liable for damages inflicted by trains running over six miles per hour within the corporate limits of a municipality, may be invoked by a trespasser upon its track, but there must be a causal connection between the speed and the injury. The speed must be the proximate cause of the injury.

2. SAME. *Contributory negligence. Determinative questions.*

Contributory negligence on the part of a plaintiff is a defense to a suit against a railroad company for injuries inflicted by a train running over six miles per hour within the limits of a municipality. The determinative questions in such case are whether the excessive speed was the proximate cause of the injury and whether plaintiff was guilty of contributory negligence.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

This was a suit by Sylvester Carter, plaintiff in the court below, against the Alabama & Vicksburg Railway Co., defendant there, for personal injuries received by him, the loss of a limb, for which he recovered a judgment for $500. The substantial averments of facts made by the declaration are to this effect: In February, 1899, plaintiff was proceeding eastwardly, on foot, along a pathway made by pedestrians parallel to and along the side of defendant's track in the city of Jackson, at the time of the passage in the same direction of one of defendant's freight trains, running at a greater rate of speed than six miles an hour. While so proceeding the plaintiff was struck, knocked partially under the train, and injured by a rod protruding from one of the freight cars. The path along which

he was going had been for a long time, with the knowledge of the defendant, used by pedestrians generally.

The third plea of the defendant, to which a demurrer was sustained, was in these words: "And for a further and third plea in this behalf, the defendant says that the plaintiff was, at the time mentioned in his declaration, a trespasser upon the premises, the railroad track and right of way of defendant, and the injuries of which he complains did not result because of any negligent and wanton act by the defendant or its servants, nor did the defendant or its servants knowingly permit a rod or bar or other thing to project from any of its cars on such train, out over the said pathway mentioned in the declaration. This defendant is ready to verify." The only error assigned was predicated of the judgment of the trial court sustaining the demurrer to this plea.

*McWillie & Thompson,* for appellant.

The facts presented by the plea, aside from the averment that the plaintiff was a trespasser, are the following: (1) That the plaintiff, when injured, was upon the defendant's railway track and right of way; (2) that the injuries were not caused by the defendant's negligence, and that defendant's servants were without knowledge that there was a rod or anything else projecting from the side of the train, and did not wilfully injure plaintiff; (3) that defendant, or its servants, did not knowingly permit a rod or bar or other thing to project from its train.

Putting the case most strongly against the railway company, the plaintiff, under the declaration and plea, cannot occupy a more favorable position than that of a mere licensee upon the appellant's railway premises, and we are therefore led to inquire what were his rights as such. Of course if plaintiff were a trespasser, what we contend will even more forcibly apply to him.

The settled rule is that a licensee takes his license subject

to its concomitant perils, and the licensor, certainly as a general proposition, owes him no duty except to refrain from wilfully or wantonly injuring him.   3 Elliott on Railroads, p. 1951, sec. 1250; Pollock on Torts (Webb's edition, 1894), pp. 639, 640, 641; *Mobile, etc., R. R. Co.* v. *Stroud* 64 Miss., 784; *Manning* v. *Chesapeake, etc., R. R. Co.,* 16 L. R. A., 271; *Cleveland, etc., Ry. Co.* v. *Tartt,* 64 Fed. Rep., 823; cases cited in note to 46 L. R. A., 59.

The case of *Mobile, etc., R. R. Co.* v. *Stroud,* 64 Miss., 784, is authority for the propositions (1) that the employes of a railroad are not bound to stop a train when they see a person on the track; while they may not wantonly kill him, they may assume that he will exercise the instinct of self-preservation and get off the track, there being nothing to prevent, and (2) a railroad company is not liable for injuries resulting to a person on account of its employes not seeing him when he is in a place where he has no right to be.

The case of *Illinois, etc., R. R. Co.* v. *Lee,* 71 Miss., 895, announces that the plaintiff in that case "took her license *cum onere,*" the meaning of which, when applied to the present case, is that Carter went upon the railroad premises charged with notice of the passage of trains, running, to say the least of it, at a greater rate of speed than he was moving, and he did so charged with the duty of exercising ordinary care to avoid injury from such trains. He took his license *cum onere,* even if we concede he was a licensee and not a trespasser; and the appellant is not liable to him because of the rod protruding an unmentioned, and therefore an insignificant distance, and that, too, when its position was unknown to the company and its servants.

The declaration does not aver how the rod came to be protruding; it may have been wholly without the fault of the appellant, and it may have fallen into the position only a moment before plaintiff was struck.   The plea avers the defendant and its servants were wholly without knowledge of its position.

*Manning* v. *Cheaspeake, etc., Railway Co.,* 16 L. R. A., 271, is an instructive case, and *Cleveland, etc., Railway Co.* v. *Tart,* 64 Fed. Rep., 823, is an express adjudication that, "one who is killed by a train while walking along the track for his own convenience, without any invitation from the railroad company, although it has permitted others to walk along it, is at most a mere licensee, for whose death no recovery can be had unless it was caused wilfully or by negligence so gross as to imply wilfulness." *A fortiori,* one injured under like circumstances has no right of action.

In regard to § 3546, code 1892, providing that the company shall be liable for any damage or injury which may be sustained by any one from its locomotives or cars whilst running at a greater speed than six miles an hour through a municipality, we have to say it has been decided by this court that contributory negligence is a defense to the railway company, and that the company is not liable, notwithstanding its train was being so run, where the efficient cause of the injury was not the rate of speed, but the act of the injured party. *Crawley* v. *Richmond, etc., R. R. Co.,* 70 Miss., 340; *Howell* v. *Illinois, etc., R. R. Co.,* 75 Miss., 252. The injury must be attributable to the rate of speed. *Jones* v. *Illinois, etc., R. R. Co.,* 75 Miss., 970.

We submit there was no causal connection between the rate of speed and plaintiff's injuries. If there be in any sense such a connection, in a legal sense there was none, because the speed of the train could not have been more than a remote cause. Certainly plaintiff's injuries were not, on the face of the pleadings, necessarily attributable to the speed. If they were truly attributable thereto, the plaintiff should have set up the fact, it not being shown in the declaration by way of replication to the plea. A demurrer to the plea cannot raise the question.

Before leaving the question presented by the plea, we will add that the demurrer ought to have been extended to the declaration. The declaration fails to aver how far the rod pro-

truded; its averment touching the rapidity with which the train was moving is by way of recital merely, and there is no charge that the speed of the train caused the accident. Contributory negligence is therefore clearly inferable from the declaration itself.

*Alexander & Alexander,* for appellee.

1. The general rule that the company owes no duty to trespassers is modified by § 3546, code 1892. It was known that in cities and towns the boundaries between streets and rights of way, and between rights of way and commons were not always defined, and further, that multitudes in cities go upon the tracks of railroads, often from necessity. The statute looks to the public safety. The liability to damages is in the nature of a penalty. It looks not so much to the right of the individual injured, as to the enforcement of a police regulation. The duty imposed is a simple one. If the company keeps within the law, a trespasser injured by mere negligence cannot complain. But the company has the right to a clear track only while using it legally. *Alabama, etc., Ry. Co.* v. *Lowe,* 73 Miss., 203. In several cases in our courts recoveries by trespassers have been sustained, although there was no proof of wilfulness, but only proof of excessive speed within a municipality.

The fine (penalty originally) imposed for violation of the statute has been abolished by statute, civil liability being now deemed sufficient to secure obedience to the statute.

To deny applicability of the statute in favor of trespassers would limit its protection to those injured on crossings. These are amply protected by other regulations. It is only necessary to show injury while speed is excessive, and absence of contributory negligence. This can be gathered from the following cases: *Vicksburg, etc., R. R. Co.* v. *McGowan,* 62 Miss., 682; *Illinois, etc., R. R. Co.* v. *Lee,* 71 Miss., 895; *Alabama, etc., Ry. Co.* v. *Summers,* 68 Miss., 566. If the

word wilful is to be read into § 3546, it must also be read into §§ 3548, 3549.

2. It was not necessary to show that the excessive speed was the cause of the injury. The statute imposes liability where any person is injured whilst the train is running more than six miles an hour. The instructions, however, went further than was necessary, and left this question to the jury.

3. Even if it were necessary to show wilfulness, the instructions given for defendant gave it the full benefit of the defense. The jury was left to say whether plaintiff was a trespasser, and, if so, whether there was wilful injury. The error, if such it was, in sustaining the demurrer to the plea, was therefore immaterial. The identical defense was submitted to the jury by the defendant's instructions.

Argued orally by *T. A. McWillie* and *R. H. Thompson,* for appellant, and by *C. H. Alexander* and *Chalmers Alexander,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It is not every injury inflicted by a railroad train while running through an incorporated town at more than six miles an hour for which the company is liable.

To render the company liable, the speed must be the proximate cause of the injury. Causal connection between the excessive speed and the injury must be shown.

On the other hand, the general doctrine that the company is not liable to a trespasser except for wilful, wanton or reckless wrong, is not applicable, and cannot be invoked where a trespasser is injured by a train running more than six miles an hour in an incorporated town, the excessive speed being the proximate cause of the injury. The statute was enacted to prevent the running of trains at a rate of speed exceeding six miles an hour through incorporated towns for the protection of persons and property, whether the persons are trespassers

or not. To make the statute applicable only where the injury was wilfully, wantonly or recklessly inflicted, would be judicial legislation.

The plain letter of the statute, as well as its obvious purpose, alike forbid us to engraft upon the statute such· an exception.

This distinction as to the liability to a trespasser outside an incorporated town, and within, results from no tenderness towards trespassers, but from the public policy. The statute declares that trains shall, for obvious reasons, not exceed six miles an hour in such case. The determinative questions in such cases are whether the excessive speed was the proximate cause, and whether the plaintiff was guilty of contributory negligence which would bar.

Mere excessive speed will not entitle plaintiff to recover, unless it be the proximate cause. But if it be the proximate cause, the mere fact of plaintiff being a trespasser does not disentitle him to recover. If plaintiff be a trespasser, and guilty of contributory negligence, he is barred, whether trespasser or not, by that contributory negligence, unless the injury be wilfully, wantonly or recklessly inflicted.

We say this much in response to the assignment of error as to the action of the court in sustaining the demurrer to the third plea, which action was correct. The appellant, however, got the full benefit of the defense set up by the third plea any way, as shown by the third instruction for appellee, and the first, fifth, sixth, and eighth instructions given for the appellant, whereby the questions whether the plaintiff was guilty of contributory negligence, and whether the injury was wilfully, wantonly or recklessly inflicted, and whether it was accidental, were all submitted to the jury, and by the jury settled in favor of appellee.

*Affirmed.*