Yazoo & Mississippi Valley Railroad Company *v.* Eugene A. Metcalf.

1. RAILROADS. *Code* 1892, § 3549. *Backing train. Passenger depot.*

Code 1892, § 3549, regulating the backing of trains near passenger depots:
 (a) Is not restricted in its application to any particular class of persons;
 (b) Is a regulation intended to preserve and protect human life and limb, and should be given full scope in accordance with its plain meaning and not restricted by strained interpretation; and
 (c) Affords protection to all persons injured by a backing train within three hundred feet of a passenger depot; the phrase "within fifty feet thereof" refers to the distance from the depot to the nearest point of the track on which the train is backing.

2. SAME. *Walking between tracks. Gross negligence. Licensee.*

Where a railroad company permitted and impliedly consented to the use by the public generally of a path between two of its tracks near a passenger depot, and the plaintiff, thoroughly familiar with the surroundings, while using the path on a dark night was injured, within three hundred feet of the depot, by a rod negligently permitted to protrude from an engine backing into the depot, the plaintiff's use of the path was not, as a matter of law, such gross negligence as to take the case without the statute.

FROM the circuit court of, second district, Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

Metcalf, the appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are stated and the code section involved quoted in the opinion of the court.

*Mayes & Longstreet, J. M. Dickinson,* and *Scott, Woods & Scott,* for appellant.

The plaintiff was guilty of gross and willful negligence in going upon the railroad track at the hour of the night and

under the condition where he was surrounded with impenetrable darkness, and when, by no reasonable presumption, passengers or travelers could be expected to be in or about the depot or upon the tracks of the company.

In this case the plaintiff invokes annotated code of Mississippi, sec. 3549, and if this section is applicable, contributory negligence would be no excuse.   But can it not be fairly said that reckless conduct on the part of the plaintiff, such as the evidence discloses, should be differentiated from mere contributory negligence and prevent a recovery?   *R. R. Co.* v. *Jones,* 73 Miss., 123.

However that may be, we submit that sec. 3549 is not applicable to the case at bar.

The spirit as well as the language of the statute will show that it was simply intended to protect those persons who were within fifty feet of a passenger depot at the time they were injured.   It is true that the statute requires that where an engine is backing, a servant of the company shall precede it when within three hundred feet of a passenger depot; but this precaution is simply intended as a protection to those persons who are within the statutory limit—to wit, fifty feet of a passenger depot; and if a party is injured beyond that limit, he cannot successfully invoke the statute, although, when the injury. occurs, he may be within three hundred feet.

This seems quite clear on a careful analysis and consideration of the object of the act, although the language itself is not altogether free from ambiguity.   Some apt illustrations may assist us in construing the law.   For instance, if a railroad train, or locomotive, backing, without a servant preceding it as the statute requires, should injure a party when two hundred feet away from a passenger depot, and should instantly stop right where such injury occurred, and pull out in the direction from whence it came, without going nearer such passenger depot, or ever coming within fifty feet thereof, it is very clear that the statute would not apply.

Or, to put it somewhat differently, if the same train, after injuring a party two hundred feet from a passenger depot, instead of stopping and going away from the depot, as just suggested, should keep backing in the direction of that building, but, before getting within fifty feet of it, should take a sidetrack carrying it past the depot, but never within fifty feet thereof, the statute could not be invoked.

Again, suppose there are two tracks passing a passenger depot, one say forty-two feet from it and the other ten feet further off, and that two trains were backing toward the depot, one on each track, disregarding the statutory requirements; and that a man was injured by each of these trains, the injury on the track passing within forty-two feet of the depot occurring at a point two hundred and seventy-five feet away from the depot; while the injury to the man on the other track occurred immediately opposite the depot, within fifty-two feet of it. If the plaintiff's construction of the statute is correct, the man who is two hundred and seventy-five feet from the depot is protected by the additional safeguards mentioned in sec. 3549, while the man who is only fifty-two feet from the depot is not so protected. The mere fact that the locomotive inflicting the injury passed, after such injury was inflicted, within fifty feet of the passenger depot, should not have any significance; and on the whole it seems plain that the whole intendment of the statute was to provide special safeguards for those who were within fifty feet of a passenger depot, and none others.

It is well known that large crowds congregate around and near the passenger depots throughout the state, in the country as well as in the towns and cities; and for this reason it was deemed necessary or desirable to take additional precautions for their protection. The object to be attained by the law was to protect people within the prescribed limits, by requiring the railroad company to observe certain precautions, so that when the backing train or locomotive came within three hun-

dred feet of that building, the parties within the protected zone—to wit, fifty feet—could thus see the warnings when the train or locomotive itself was from two hundred and fifty to three hundred feet away; while the company's servant could see them at a like distance; and so both could have time and opportunity to guard against accidents.

See *Railroad Co.* v. *McCalip*, 76 Miss., 367, and note especially the language of Chief Justice Woods, as follows:

"The statute seems intended to compel the railroad company to observe a new rule of care and watchfulness in backing trains within fifty feet of a passenger depot and to afford protection to all persons within the prescribed limits."

*Sillers & Owen,* and *Alexander & Alexander,* for appellee.

The track upon which the engine was backing ran within twenty-five feet of the passenger depot. The engine was moving at a rapid rate of speed, without any forerunner on foot to give warning. This section does not mean that no forerunner of the engine or train is needed except when the said engine or train is within fifty feet of the depot. Its meaning is that when a train or engine is backing along a railroad track, which track runs within fifty feet of the passenger depot, then when the train or engine thus backing comes within three hundred feet of the depot there must be a servant running in advance on foot to give warning. This section, like sec. 3546 (concerning trains running over six miles an hour in municipalities), is made for the safety of the public in towns and places where there are many people usually passing along a point over which the railroad train must pass. Our court has always been liberal in its construction of both secs. 3546 and 3549 of the code. For instance, sec. 3549 says that the "railroad company shall be liable for injuries sustained by any one from its locomotive or cars whilst they are running over six miles an hour through a municipality." Our court has decided that this statute governs where the train has been running at an excessive rate of

over six miles an hour, as, for instance, where stock is killed by a locomotive, although the engine is checked when the animal is seen and strikes it when running at a less rate of speed. *Railroad Company* v. *Toulme*, 59 Miss., 284. And under sec. 3549 it is no defense of itself that at the moment of collision the train was running less than six miles an hour. *Railroad Company* v. *Jordan*, 63 Miss., 458. The court will liberally construe sec. 3549 in favor of the public for whose protection it was enacted by the legislature. But Metcalf's case is well within the statute. He was only two hundred and sixty-five feet from the passenger depot. The backing engine was to pass within fifty feet of the depot, and did. The statute says that there was necessity for the servant to begin to precede the engine for at least three hundred feet before it reached, or came opposite to, such depot. Inasmuch as the servant may precede the engine "not exceeding forty feet, nor under twenty feet in advance," if the meaning is that there is no necessity for the servant to begin to precede the engine until the engine is within fifty feet of the depot, then the servant (having the right to go as far as forty feet in advance) would have to start only ten feet from the depot on his march down the track to give warning of the approaching engine. This is not the meaning of the section. If it were, then there would be no protection in our crowded cities under this section for those persons who must be, say within thirty or forty feet along the railroad track away from the depot and in the pathway of the engine, inasmuch as the servant would begin his march of warning at a point closer to the depot than these persons. The true purpose of the section is that inasmuch as passenger depots are public places, oftentimes crowded by reason of excursions or other important occasions, as often the crowds may extend even as far as three hundred feet from the depot along the track, there is necessity even at this distance of three hundred feet for warning to be given of a train which may be intending to plow its way toward the depot.

There is no question but that a backing train can come upon a person more insidiously than advancing with the engine in the lead. The engine makes the most noise in a train. Its headlight is a warning by night. Furthermore, the engineer having control of the train can keep a lookout against danger. But where an engine is backing along there is no headlight, and even where lanterns are carried upon the tender of an engine which is backing, this is scarcely any notice of warning by reason of the lanterns' faint lights, which are not directed upon the track. And, furthermore, where a long train is being backed and the heavy Pullman cars glide along without noise, a person may be run over at or near the depot, even before the engine, although attached to the train, is near enough for its noise or bell or warning to give notice of the coming danger.

The court will thus see that in the absence of any proof showing gross contributory negligence it was incumbent upon the jury to find for the plaintiff under the facts. The railroad company could not allege or set up as a defense contributory negligence.

TRULY, J., delivered the opinion of the court.

Appellee, while walking between two railroad tracks on a cinder path constructed and maintained in the town of Cleveland by the appellant railroad company, within three hundred feet of a passenger depot, but more than fifty feet therefrom, was struck by a bar or other object protruding from an engine which was rapidly backing into the said passenger depot on a track which ran within fifty feet thereof, and while there was no employe walking in front of said engine to give warning. By this accident injuries were inflicted, for which suit was brought, and under the instructions of the court verdict and judgment were rendered in favor of appellee, awarding him compensation for the injuries suffered. From this judgment this appeal is prosecuted by the railroad company.

Appellee was confessedly a mere licensee upon the occasion in question. He was on the premises of appellant upon his own errand, and upon no invitation of the appellant. The record here made presents the sole question whether one injured while so situate is entitled to recover compensatory damages under § 3549, Code 1892. It is insisted by appellant that the case now under consideration does not come within the purview of that statute, nor is it within the intendment of the legislature. The section in question is as follows: "It shall be unlawful to back a train of cars, or a part of a train, or an engine, into or along a passenger depot at a greater rate of speed than three miles an hour; and every such train, part of a train, or engine backing into or along a passenger depot, and within fifty feet thereof, shall, for at least three hundred feet before it reaches or comes opposite to such depot, be preceded by a servant of the railroad company on foot, not exceeding forty nor under twenty feet in advance, to give warning. For every injury inflicted by a railroad company while violating this section, the party injured may recover full damages without regard to mere contributory negligence." It is contended that a reasonable construction of that statute, when considered in the light of the existing evil for which the legislature intended thereby to prescribe a remedy, does not embrace the case of a person situate as was appellee, even though injured. In this connection it must be noted that the language of the section says that a railroad company shall be liable "for every injury" inflicted while violating this section, and that "the party injured" may recover full damages. In *Railroad* v. *Carter*, 77 Miss., 511 (27 South., 993), interpreting a similar statute where it was sought to have the court limit the scope of the statute to certain classes of persons, it was said that this court would not undertake to restrict the effect of a statute which, by broad and general terms, included every class of persons; and that to hold a statute general in its terms was only applicable to certain cases would be "judicial legislation."

It should further be observed that in *Railroad Company* v. *McCalip,* 76 Miss., 367 (25 South., 166), this court, in construing this identical section, held that it granted the action and the remedy to all classes of persons, whether citizens engaged in their ordinary and lawful business, intending passengers, idlers, or tramps. We see no reason to think it the design of the legislature to restrict the protection intended to be afforded by the section now under review to any special class of persons. It was a legislative recognition of the fact that passenger depots and the grounds adjacent thereto are always liable and likely to be much frequented, where constant watchfulness is required to prevent injury and loss of life.

It is further argued by appellant that the circumstances attendant upon the injury in the instant case are such as to brand the conduct of the appellee as grossly negligent; that he was walking through a railroad yard, upon a dark night, where there were no lights displayed, and amid atmospheric conditions which prevented the use of his eyesight in order to ward off approaching danger, or to see that such danger was imminent. The code section being considered says "the party injured may recover full damages without regard to mere contributory negligence." In viewing the conduct of appellee, it should be borne in mind, in addition to the facts relied upon by appellant, that he was thoroughly familiar with his surroundings; that he and the public generally had for many years continuously, and with the knowledge and implied consent of the employes of appellant, used the cinder path through the railroad yard on which he was injured as a public walkway in passing from one portion of the town to another; that he was not in a place of obvious danger; he was not on the roadbed of any track, but was injured by a bar or other object negligently permitted to protrude from the engine. If appellee received the injury complained of within the limits prescribed by the section in question, we hold that he does come within its provisions, and that his conduct did not evince such pal-

pable and gross negligence as would authorize a trial judge to grant a peremptory instruction against him on that account.

The remaining and strongly urged contention of appellant is that sec. 3549 does not apply to injuries occurring more than fifty feet from a passenger depot, and, as the injury in question did happen more than that distance from a passenger depot, appellee is not entitled to recover under the terms of the statute. In support of this proposition, an expression in the opinion of this court in the case of *Railroad* v. *McCalip, supra,* is relied on. The point now being considered was not involved in the McCalip case, for there the injury occurred upon a crossing which was within fifty feet of a passenger depot, and in that case the railroad company sought to escape liability under the plea that the section did not apply to injuries at crossings, but was designed for the protection of intending passengers. That was the exact and only necessary point of decision, though it is true that during the course of that opinion it was stated that this section was designed to establish a new rule for the protection of the public generally within the prescribed limits of fifty feet. We must, however, in construing the section in reference to the question now presented, consider it as a whole, bearing in mind the cardinal rule of interpretation that all parts of a statute must be so construed, if possible, as to make them harmonize as an entirety. Will the interpretation placed upon the section by appellant fulfill the requirements of this rule? We think not. To our minds, the manifest meaning of the section is that where a train, part of a train, or engine is backing into or along a passenger depot, "and within fifty feet thereof," the distance so mentioned refers solely to the question of whether or not the track on which such train is backing comes within the stated distance of the depot. Any other construction would have the effect of absolutely annulling that clause which requires that an employe of the company shall walk in front of the train to give warning "for at least three hundred feet before it reaches or comes opposite to such

depot." Why the provision that an employe shall walk in front of every backing train for at least three hundred feet before it approaches the depot, if the company would only be liable for injuries occurring within fifty feet of the depot? What meaning can be given to that clause other than that this requirement is placed upon railroad companies because of the fact, known of all men, that persons called, perhaps by business, on the railroad yards and grounds surrounding passenger depots, are often exposed to danger from switching trains, and this regulation was devised for their protection? It is well known that some of the coaches transported in the long trains of the present day must of necessity stop for passengers to embark and disembark in places more than fifty feet from a passenger depot, and yet in close, if not dangerous, proximity to other trains; that the numerous and varied needs of modern railroad travel and traffic require many people in the ordinary course of their legitimate vocations to visit the crowded premises of the railroad companies near, but more than fifty feet from, their passenger depots, amid such surroundings that eternal vigilance is the price of safety. The construction contended for by appellee would deprive all such persons of the benefit of the rule which was designed to protect them. In our judgment, such a construction would contradict the plain terms of the statute, would do violence to the manifest legislative intent, and would render the law ineffective, and to a great degree inoperative. The regulation is a wise one, intended to preserve and protect human life and limb, and should be given full scope, in accordance with its plain meaning, not restricted by strained interpretation.

After careful consideration we are of the opinion that sec. 3549 was intended for the protection of all persons injured within three hundred feet of a passenger depot, where the injury was caused by a backing train, part of a train, or engine, on a track which passes into or along a passenger depot within fifty feet thereof, and was designed to discourage the

reckless practice of backing trains without warning on premises generally frequented by numerous persons, by imposing liability on railroad companies for all infractions of the rule thereby established, and allowing all persons injured to recover full damages without reference to mere contributory negligence. No other construction, in our judgment, will effectually harmonize the several provisions of this section.

*Affirmed.*