YAZOO & M. V. R. CO. *v.* COX.

Division B. July 2, 1923.

[97 South., 7. No. 23398.]

RAILROADS. *Person using depot premises for own pleasure cannot complain of want of crossing signals or mere negligence.*

Where a person is struck and injured by a locomotive of a railroad company in front of the depot in a municipality. and not at a street crossing, failure to blow the whistle or ring the bell for a street crossing in accordance with the provisions of section 4045, Code 1906 (section 6669, Hemmingway's Code), cannot be invoked by the plaintiff. This section is only applicable where the injury occurs on the crossing. The fact that the inhabitants of the municipality congregate at the depot for their own pleasure does not make defendant railroad company liable to one injured upon its track in front of the depot for mere negligence. Those using the depot premises for their own indi-

vidual pleasure are either trespassers or bare licensees, and the railroad company is only liable for injury to them because of gross, wllful or wanton negligence.

APPEAL from circuit court of Holmes county.

HON. S. F. DAVIS, Judge.

Action by S. C. Cox against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Clinton H. McKay* and *Boothe & Pepper,* for appellant; *Charles N. Burch* and *H. D. Minor,* of counsel.

Under the undisputed facts in this case plaintiff was a trespasser or, at most, a mere licensee, loitering on the depot platform of defendant at night. Defendant owed him no duty until his position of peril was, or could by the exercise of reasonable care, be discovered. His legal status as such is fixed by *Railroad* v. *Arnola,* 78 Miss. 787.

The violation of "the crossing statute," sec. 6669, Hemingway's Code, is charged in the third count of the declaration. The only purpose of the statute is to warn persons using the public highways of the approach of the train. This plaintiff testified that he saw and heard the train coming long before it reached the depot and was fully aware of its approach. It follows that non-compliance with the statute could not possibly have had any causal connection with the accident, and under the admitted facts in this case, it was error to tell the jury that defendant would be liable even for compensatory damages, much less for punitive damages, for failure to sound the statutory warnings as the train approached the street crossings north and south of the depot. The holding of the court in the Billingsley case has been consistently adhered to by this court, and is consonant with sound reason. That this statute is for the protection of persons using the highways is pointed out in *Skipwith* v. *Railroad,* 95 Miss. 50, and *Billingsley* v. *Railroad,* 100 Miss. 612,

and it has never been applied by this court for the protection of trespassers or licensees in the vicinity of, but not on, a highway or street crossing. Furthermore in this instruction the jury is told that if the statute was violated and the plaintiff was injured, the defendant is liable. The question of proximate cause was not submitted to the jury. No principle of law is better settled in this state than that the violation of a statute, though negligence *per se,* is not actionable unless it be found by the jury to be the proximate cause of the injury.

It is well settled in this state that incorrect instructions are not cured by correct instructions. The only remedy is a withdrawal of the erroneous instruction and the giving of instructions which are correct. The rule is stated in Blashfield on Instructions to Juries, section 24-a. See *Y. & M. V. R. R. Co.* v. *Cornelius,* 95 So. 90; *L. N. O. & T. R. Co.* v. *Phillips,* 12 So. (Miss.) 825; *Mahaffey* v. *Russell,* 100 Miss. 122; *Railroad Co.* v. *McGowen,* 92 Miss. 603; *McNeil* v. *Bay Springs Bank,* 100 Miss. 271; *Soloman* v. *Compress Co.,* 69 Miss. 319; *Hines* v. *McCullers,* 121 Miss. 677.

It is elementary law in this state that a violation of the speed statute (section 6667, Hemingway's Code), though negligence *per se,* is not actionable unless the excessive speed is the proximate cause of the accident. This rule was laid down in *Railway* v. *Carter,* 77 Miss. 511. See *Brown* v. *Railroad,* 103 Miss. 315; *Railroad* v. *Pace,* 109 Miss. 667; *Hines* v. *Moore,* 124 Miss. 500; *Railway* v. *McGee,* 117 Miss. 236; *Bonelli* v. *Branciere,* 127 Miss. 556.

*P. P. Lindholm* and *Noel & Neilson,* for appellee.

1. Where one of several charges of statutory liability is alleged and proven beyond dispute by the evidence against a railroad company, instructions given on the other count, even though erroneous, are harmless error, and will not work a reversal. *Davis, etc.* v. *Elzey,* 126 Miss. 789; 88 So. 630; *M. & O. R. R.* v. *Campbell,* 114 Miss. 803, 75 So. 554.

2.  Under the rules of the supreme court of Mississippi, a judgment will not be reversed because of granting of erroneous instructions to the jury unless it affirmatively appears from the record that the party complaining thereat was prejudiced thereby, and it resulted in a miscarriage of justice.  Rule 11  (101 Miss. 906, 59 So. IX.) ; *Smith* v. *Shelton,* 95 So. 835; *Jones* v. *State,* 104 Miss. 871, L. R. A. 1918B, 388.

3.  Where plaintiff for whose injury suit is brought was run down and injured by defendant's freight train within the corporate limits of the municipality while such freight train was exceeding the speed limit prescribed by statute, it was not error in the trial court to refuse to direct a verdict for the defendant although it was impossible to stop the train before striking the plaintiff when his danger appeared, where the evidence tended to show that the train when it struck the plaintiff was running at from ten to twenty miles an hour and plaintiff when struck was not between the rails but on the outside near the ends of the cross-ties, and was struck by the pilot beam of the engine back of the left ear just as he whirled to get out of the way of the engine which he had just realized, had suddenly switched over on the track near which he was sitting on the edge of the platform or passage-way, because such facts might reasonably authorize the jury to infer that if the speed had not been exceeded, the blow might have been less violent or plaintiff might have escaped injury altogether.  *L. & N. R. R. Co.* v. *Garnett,* 129 Miss. 795; *Tendall* v. *Davis, Agent, etc.,* 129 Miss. 30.

And even though plaintiff might have been guilty of contributory negligence it was still a question for the jury, as all questions of negligence and contributory negligence are for the jury, proof having been made in the case at bar that the railroad company was guilty of violating section 6667 and section 6669 of Hemingway's Code of 1917.  Laws of Mississippi 1920, chapter 312; *Railroad Company* v. *Crawford,* 99 Miss. 697; *Railroad*

*Company* v. *Carroll*, 103 Miss. 830; *Davis, D. G. of R. R.*
v. *Elzey*, 126 Miss. 789; *M. & O. R. R. Company* v. *Camp-
bell*, 114 Miss. 803.

Under contributory negligence statute, in a suit for dam-
ages it is only where plaintiff's act is the sole cause of the
injury and when defendant's act is no part of the causa-
tion, that defendant is free from liability. *Ragland* v.
*Lumber Company*, 117 Miss. 602. Under our Mississippi
statute providing that contributory negligence is no bar
to a recovery, instructions to the jury that contain the
expression "No causal connection" and also "Negligence
of the plaintiff was the sole cause of the injury," is a
better instruction than one using the expression "proxi-
mate cause." *Ragland* v. *Lumber Company*, 117 Miss. 602.

A plaintiff is not precluded from a recovery in an ac-
tion against a railroad company for personal injury at
or near a crossing merely because he saw the approaching
train that hit him, more than three hundred yards before
it reached the crossing, if it is shown by the proof that
the railroad company was negligent in failing to ring
the bell and blow the whistle as required by law. *Southern
Railroad Company* v. *Murray*, 91 Miss. 546.

That plaintiff was a trespasser or a licensee did not in
any way affect his right to recover, if the train was run-
ning more than six miles per hour, and the excessive
speed was the proximate cause of the injury. *Railroad*
v. *Pace*, 109 Miss. 667; *Railroad* v. *Carter*, 77 Miss. 511;
*Railroad* v. *Metcalfe*, 84 Miss. 242; *Howell* v. *Railroad*,
75 Miss. 249.

Argued orally by *Clinton H. McKay*, for appellant and
*P. P. Lindholm* and *E. F. Noel*, for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellee (plaintiff) sued and recovered a judgment
against the appellant (defendant) for personal injuries

caused by being struck by a running train of appellant in the little town of Cruger.

The declaration is in three counts. The theory of the first count is that the depot is centrally located in the town, with the business and residence section closely grouped about it; that the depot platform is habitually used by the citizens of this town as a passageway and a loafing place, which fact was known to the railroad company, and for this reason it was its duty to keep a lookout for people on and near the track in front of the depot. The second count alleged that the train which struck plaintiff was running in excess of six miles an hour in violation of section 4043, Code of 1906 (Hemingway's Code, section 6667). The third count alleged a violation of section 4045, Code of 1906 (Hemingway's Code, section 6669), which section requires the bell of the locomotive to be rung or the whistle to be blown at a distance of at least three hundred yards from the place where the railroad crosses over any highway or street, and the bell to be kept ringing and the whistle to be kept blowing until the engine has stopped or crossed the highway or street.

The testimony in the case shows: That the plaintiff went over to the depot in search of a man on private business. He met this party on the depot platform, and they had a conversation, and plaintiff then took a seat on the edge of the platform, with his feet resting on the steel rail of the railroad track. That he was waiting for the return of this party. In front of the depot there are two tracks, one used for south-bound and the other for north-bound trains. The plaintiff saw the train which struck him coming, but states the reason he did not move was because he thought it would use the other track. There is a conflict in the testimony about the sounding of signals for the crossing which is some distance from the depot. There is also conflict in the testimony about the speed of the train at the time of the injury. Plaintiff stayed there until the engine was directly upon him, when he attempted to move, and was struck and injured by

some part of the engine. He was not seen by either the engineer or the fireman until just before he was struck.

The court below gave the plaintiff the following instruction:

"The court instructs the jury, that it is the law of this state that every railroad company shall cause each locomotive engine run by it to be provided with a bell of at least thirty pounds weight or a steam whistle which can be heard distinctly at a distance of three hundred yards, and shall cause the bell to be rung or the whistle to be blown at the distance of at least three hundred yards from the place where the railroad crosses over any highway or street, and the bell shall be kept ringing or the whistle shall be kept blowing until the engine has stopped or crossed such highway or street; and, if in this case the jury believe from the evidence that the defendant, the Yazoo & Mississippi Valley Railroad Company, failed to observe this law, as alleged in the third count of the declaration, and thereby injured said S. C. Cox as alleged in the third count, then the jury shall find for the plaintiff and assess his damages in the manner provided by the instructions in this cause, and to an amount not exceeding five thousand dollars; and if the jury find from the evidence that said railroad company was reckless or wantonly negligent in such violation of said laws, they may, as a part of its assessment of damages, add a sum by way of punishment for said, conduct not to exceed altogether the sum of five thousand dollars."

This instruction should not have been given. The failure to sound these alarms for the crossing was not 'the proximate cause of the injury to the plaintiff, for the reason that he saw the approaching train before it reached the crossing, and therefore there could be no causal connection between the failure to sound these alarms and the injury to plaintiff. *Billingsley* v. *Railroad,* 100 Miss. 612, 56 So. 790. Another reason why it was error to give this instruction is because the plaintiff was not struck at a crossing; and it is only when the injury occurs at a cross-

ing that this statute may be invoked. *Skipwith* v. *Railroad,* 95 Miss. 50, 48 So. 964.

There is only one count in the plaintiff's declaration upon which liability can be predicated, and that is the fact that the train was exceeding the rate of speed of six miles an hour, in violation of section 4043, Code of 1906 (Hemingway's Code, section 6667), and that this excess in the rate of speed was the cause of the injury to plaintiff. The mere fact that the depot and platform were used as a loafing place by the citizens of this little town would not make the railroad company liable to them for mere negligence. They were either trespassers or bare licensees, and the rule in both instances is the same, viz. that the railroad company is only liable for injuries to bare licensees when guilty of gross, willful, or wanton negligence. This has been the settled rule of this court for many years. *Railroad* v. *Arnola,* 78 Miss. 787, 29 So. 768, 84 Am. St. Rep. 645.

Instruction No. 9 given the plaintiff is also erroneous, in that it embodies the theory of the first count that the tracks and platform were habitually used as a loafing place, and were being so used by the plaintiff at the time of the injury, and the further theory that there was a violation of the six miles an hour law, and also of the failure to sound the statutory signals at a crossing. This instruction tells the jury, in effect that, if the platform and tracks were thus used as a loafing place, which fact was known or should have been known by the Railroad Company, and that there was a failure to give these statutory crossing signals, and that the train was being run at a rate of over six miles an hour, then there should be a verdict for the plaintiff. It was error to give any instruction or part of instruction on any ground except that of the violation of the speed statute. For this reason this instruction is confusing and misleading. It should further have embodied the fact that the violation of the speed statute must be the cause of the injury.

The verdict of the jury in this case cannot be attributed alone to the only proper ground of recovery. Under the tenth instruction set out above they may have found for the plaintiff because of the failure to sound alarms for the crossing.

These erroneous instructions are in no wise cured by those given the defendant.

*Reversed and remanded.*