ROBERTSON, Justice:
This suit was brought in the Circuit Court of the First Judicial District of Hinds County by the Appellant, Karon Lee Fearins, against the Appellees, Evans Products Company and Monroe Tuckenberry, for personal injuries sustained in an automobile-truck collision on U.S. Highway 80 near the eastern outskirts of Brandon, Mississippi, on February 18, 1965, about 6:40 a. m.
The appellant and her husband, Glenn J. Fearins, a soldier, were traveling west on U.S. Highway 80 in a 1959 Volkswagen and had just entered the city limits of Brandon. Appellee Tuckenberry was driving a 1962 International van-type truck, leased by his employer, Appellee Evans Products Company, in an easterly direction on the same highway. Tuckenberry’s truck had been loaded in Jackson with plywood panels and he was enroute to Decatur, Mississippi to deliver his load.
Tuckenberry passed through the town square at Brandon and was proceeding downhill in an easterly direction. A Texaco service station is located approximately 200 feet east of the town square and on the south side of U.S. Highway 80. A Shell service station is adjacent to and east of the Texaco station. Tuckenberry testified that as he neared the Texaco station, he saw an approaching Volkswagen suddenly pull out from behind another westbound automobile and into his eastbound lane. He stated that the driver of the Volkswagen appeared to be attempting a left turn into the Shell station but then turned and attempted to get back into the right or westbound lane. Before the Volkswagen reached its proper lane of traffic, appellee’s truck collided with the left front side of the Volkswagen, and pushed it approximately 30 or 40 feet before stopping in the westbound traffic lane. The collision occurred while the Volkswagen was still on Tuckenberry’s side of the highway, but the truck’s front wheels were turned to the left at the time of the impact, hence the final resting place was mostly in the westbound traffic lane. Appellant Karon Lee Fearins was seriously injured and her husband, Glenn J. Fearins, who was driving, was killed.
Appellee Tuckenberry, who was called as an adverse witness by the plaintiff, testified that he was traveling exactly twenty-five miles an hour in the twenty-five mile speed zone. He stated that after seeing the Volkswagen all he had time to do was to apply his brakes and try to avoid the oncoming automobile. Pat Harmon, an employee of the Shell service station, and John Burnham, who was following the Volkswagen, both called as witnesses by the appellant, corroborated Tuckenber-ry’s testimony that the Volkswagen suddenly came across the eastbound lane of traffic and within a “flash” collided with the truck in Tuckenberry’s travel lane.
Highway Patrolman Harry Nowell investigated the accident and testified that the truck put down 54 feet of “scuff” marks which were described as “skid” marks in his official report. John Wynn, a surveyor, testified that the highway was thirty feet wide from curb to curb at the site of the accident.
The only evidence offered as to negligence on the part of Tuckenberry was by witness Burnham who was driving west approximately seventy yards behind the Volkswagen. Burnham momentarily observed the truck approaching from the opposite direction and, while stating that he could not estimate any definite speed, testified it “appeared” to him to have been traveling “in the neighborhood” of forty miles an hour. However, another of appellant’s witnesses, Pat Harmon, was standing at the Shell station near the accident site *794 and he testified that the truck “wasn’t going very fast.”
When the plaintiff rested her case, ap-pellees moved for a directed verdict. The court granted the motion and judgment was entered accordingly. Appellant contends that the evidence was sufficient to carry the case to the jury on the question of negligence of the truck driver and that the lower court erred in granting a directed verdict.
The only intimation of any negligence on the part of Tuckenberry must be gleaned from the hesitant and equivocal guess of witness Burham who testified that the truck “appeared” to him to have been traveling “in the neighborhood” of forty miles per hour. It is clear from the language used by Burnham that he was merely speculating as to the speed of the truck; he was not definite or positive at all. It is easy to understand why Burnham could not be definite or positive, and yet truthful, when we consider his location and his scant chance to observe. Burnham was driving his own car seventy yards behind the appellant’s Volkswagen at the time he saw the appellees’ truck approaching from the opposite direction. He was primarily concerned with watching the road ahead to keep his own car under control; and yet in the split second that he had to observe the approaching truck, he hazards a hesitant guess as to the truck’s speed.
Burnham’s guess as to Tucken-berry’s speed could not constitute more than a scintilla. It is well established that the scintilla rule of evidence is not recognized ‘in Mississippi. Berry v. Brunt, 252 Miss. 194, 172 So.2d 398 (1965); Hollie v. Sunflower Stores, Inc., 194 So.2d 217 (Miss.1967).
The evidentiary question involved in this case is almost identical with that in Miller Transporters, Ltd. et al. v. Espey et al., 253 Miss. 439, 448-449, 176 So.2d 249, 251 (1965), as to the speed of the Dixie Highway Express truck. We said in that case:
“The only intimation of any negligence whatsoever on the part of Dixie is by a witness, Murphy, a traveling man from Atlanta, Georgia. He testified that he was familiar with this area of road from frequently traveling same; that he was some distance behind Brown’s pickup truck; that he was coming toward a curve and could look across a field probably a half mile and see the 'slough’ bridge; that he saw the truck of Dixie approaching from the south and crossing the ‘slough’ bridge, and that the said Dixie truck was either upon or about the bridge when he saw it. Since the accident happened just a few feet north of the ‘slough’ bridge, Murphy could only have seen the Dixie truck for a very few seconds before the accident.
On cross-examination, attorneys for plaintiff drew from the said witness Murphy a reluctant and hesitant estimate, which could only be a guess, that the Dixie truck was traveling at a rate of probably 35 miles per hour. This is the only evidence of any kind tending to show negligence on the part of Dixie.
This evidence was so unsatisfactory as, in our opinion, not to amount to more than a scintilla. Therefore, we hold that no negligence on the part of Dixie was shown. And, in addition, if it could be said that Dixie was actually traveling faster than 25 miles per hour, then we are met with the fact that the speed was not a proximate cause of the accident. Yazoo & M. V. R. R. Company v. Green, 167 Miss. 137, 147 So. 333 (1933); Bufkin v. L[ouisville] & N. R. R. Company, 161 Miss. 594,137 So. 517 (1931).
We are reversing the case as to Dixie and entering judgment here for the said appellant. Its request for a peremptory instruction should have been granted.” (emphasis added):
The trial court was correct in granting a directed verdict for the defendants in the case at bar. There was no credible and *795 reliable evidence supporting the charge of negligence against the appellees.
The judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.