## LOUISVILLE & N. R. CO. *v.* DANIELS.

### (Division A.   March 31, 1924.)

### [99 So. 434.   No. 24014.]

1. RAILROADS.  *Company liable for negligence of postal clerk suffered to engage in dangerous practices.*

   Although a railroad company, as a general rule, is not responsible for the negligent acts of a postal clerk upon its train by the federal government in charge of its mails, because such clerk is not an employee of the railroad company, and therefore his acts are not its acts, still a railroad company may become liable for the negligent acts of such postal clerk where, without objection, although objection might be effective, it knowingly suffers such mail clerk to engage in practices dangerous to those in proximity to its track, and to whom the railroad company owes the duty of reasonable care to protect such persons from injury by reason of the passage of its trains.

2. NEGLIGENCE.  *Defendant not liable where, except for intervention of third party, no injury would have occurred.*

   Where, except for the intervention of a responsible third party, the defendant's negligence would have produced no injury to the plaintiff, and the negligence of the defendant had no causal connection with the wrongful act of such intervening third party, the defendant is not liable to the plaintiff for such injury.

3. RAILROADS.  *Injuries to person at station held caused by postal clerk's act, for which railroad was not liable.*

   Plaintiff was on the station platform of the defendant, a railroad company, which station was situated in a municipality in which under the law the maximum speed of trains was six miles per hour.  Plaintiff was injured by the postal clerk upon defendant's train, employed by the federal government in charge of its mails, throwing a mail sack out at the wrong place while the train was running about thirty-five miles an hour, which mail sack struck and injured plaintiff, for which she sued the railroad company.  There was no evidence that the speed of the train had any causal connection with the mail bag being thrown out at the wrong place.

   *Held*, that the proximate cause of the injury was the act of the mail clerk, for which the appellant is not responsible.

   135 Miss.—3.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Birdie Daniels against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered.

*Smith, Young, Leigh & Johnston,* for appellant.

I. The court erred in refusing to grant the peremptory instruction requested by the defendant. The facts in this case are clear and undisputed. The plaintiff was not injured by a servant or agent of the railroad company, but by a United States mail clerk, for whose acts the railroad company is not responsible. It is a matter of common knowledge that railroads pull mail cars owned by the United States Government, and manned by United States mail clerks. The railroad company has no jurisdiction or control over the mail clerks, and therefore is not in any way responsible for their negligent acts unless there are facts to charge the railroad company with knowledge that the mail clerks are engaged in a negligent practice, and the railroad company fails to use proper diligence to have such negligent or dangerous practice stopped. But the evidence in this case shows that it has always been the custom to throw the mail pouch off at the mail crane. The railroad had no way of anticipating that the mail clerk would throw the mail pouch off the train at a point four hundred and fifty or five hundred feet from the place where the mail was always thrown, and therefore it was impossible for it to have prevented the mail clerk from doing so.

The courts have uniformly held that the only basis for liability in such cases is where a practice had been made of throwing the mail bag at the place where the plaintiff was injured, and the railroad failed to use proper care to stop such a practice or to protect persons from being injured thereby. *Pittsburgh C. C. & St. L. Rail-*

*way Company* v. *Warrum,* 82 N. E. 935; *Muster* v. *C. M. & St. P. Railway Company,* 61 Wis. 325, 21 N. W. 223, 50 Am. Rep. 141.; *Ergenbright* v. *St. Louis, I. M. & S. Ry. Co.,* 163 Pac. 173; *Ayres* v. *Delaware, L. & W. R. Co.,* 28 N. Y. S. 789; *Southern Railway Company* v. *Rhodes,* 86 Fed. 422; *Poling* v. *Ohio River R. Co.,* 18 S. E. 782.

It has been decided several times by the supreme court of Mississippi that a railroad is not responsible for things thrown from a train by its servants or agents when not acting within the line and scope of their employment. *Miss. Central Railway Co.* v. *Dave McWilliams,* 112 Miss. 238, 72 So. 925, 1917B, L. R. A.; *Burke* v. *Shaw,* 59 Miss. 443; *Louisville, N. O. & T. R. Co.* v. *Douglas,* 69 Miss. 723, 11 So. 933, 30 Am. St. Rep. 582; *Canton Cotton Warehouse Co.* v. *Pool,* 78 Miss. 147, 28 So. 823, 84 Am. St. Court, 620. If the railroad company is not responsible for objects thrown from the train by its own servants when not acting within the line and scope of their employment, then certainly it is not liable for the acts of mail clerks who are not employed by the railroad company, and who are not subject to its control.

II. The speed of the train was not the proximate cause of the injury. It is true that the train in this instance was exceeding the six mile speed limit. But certainly the statute should not be enlarged by interpretation to extend to cases where the speed of the train is not the direct and proximate cause of the injury, and where the speed of the train is merely a condition upon which an independent act of some other person for whose act the railroad company is not responsible, operates to cause the injury.

Here the act of the mail clerk in deliberately throwing the mail pouch out of the mail car at a place four hundred and fifty or five hundred feet from the usual place was the direct and proximate cause of the plaintiff's injury. The mere fact that the train was going over six miles an hour at the time the mail clerk threw the mail bag from the car does not make the railroad company responsible

for the accident. See *Howell* v. *Illinois Central Railroad Company,* 75 Miss. 242, 21 So. 746; *Clarke* v. *Illinois Central Railroad Company,* 286 Fed. 915; *Thornton* v. *Louisville & Nashville Railroad Co.,* 70 S. W. 53.

The plaintiff relies on the case of *Childs* v. *Railroad,* 86 Miss. 361, where a train was exceeding the speed limit of six miles an hour, and a piece of iron flew from the train striking a person and injuring her. In that case, the court held that the speed of the train was the proximate cause of the injury because it was the speed of the train that gave the piece of iron the force that caused it to fly from the train and strike the plaintiff. There was no intervening act on the part of any human being, but it was purely the force caused by the speed of the train which made the iron fly and hit the plaintiff. In the case at bar, there intervened the act of the mail clerk.

*Mize & Mize* and *C. B. Adam,* for appellee.

If the railroad company was guilty of negligence in violating the speed law, as in the instant case, and the mail clerk while the railroad company was violating the speed law, whether negligently or not, threw off the mail pouch and injured a person at the depot on business, then it would be a question for the jury to say if the negligence of the railroad company in violating the speed law contributed to the injury, irrespective of whether or not the mail clerk was negligent in throwing off the mail bag.

Again, if the railroad company was negligent and the mail clerk was negligent then it is a cause of joint tortfeasors and it is for the jury to say whether or not they are jointly or severally liable, and either one, or both jointly, can be sued. Finally, if the railroad company was negligent in violating the speed statute and the mail clerk was not negligent in throwing the bag off, then it is a question for the jury to say if the negligence of the company contributed to the injury.

The question in the instant case submitted to the jury was whether or not the negligence of the railroad company in violating the speed law proximately contributed to the appellee's injury, if she was injured, as the negligence *vel non* of the mail clerk was not in question. The railroad company was guilty of the grossest kind of negligence in running said train at thirty-five miles an hour at the depot in Long Beach. This rate of speed was undenied.

Our contention that if the railroad company's violation of the speed law at the time of the injury to appellee, situated as appellee then was, proximately contributed to the injury, appellee is liable, irrespective of the negligence *vel non* of the mail clerk, is supported by *Muster* v. *Chicago M. and St. P. Railroad Company (Wisconsin)*, cited in 18 American & English Negligence Railroad Cases, 113.

If the train in the instant case had been running at a lawful rate of speed when the mail bag was thrown off, the bag might have been thrown off at another place or appellee might have been at another place by the time the bag was thrown off. *Tendall* v. *Railroad*, 91 So. 701.

Again, if it had been thrown off where appellee was and struck her, it would have struck her with much less force. *Railroad Company* v. *Garnett*, 93 So. 241. Or, if going six miles an hour, and the bag had been thrown off where appellee was, she might not have been struck at all, as Judge TRULY, said in *Railroad Company* v. *Chiles*, 86 Miss. 361. So we say that it was a question for the jury to say whether or not the excessive rate of speed of the train proximately contributed to appellee's injury.

Argued orally by *Harry B. Smith* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. Birdie Daniels, sued appellant, Louisville & Nashville Railroad Company, in the circuit court

of Harrison county for damages for an injury sustained by her as the result of a mail bag being thrown from one of appellant's passenger trains by a United States mail clerk from a mail car, constituting a part of the makeup of said train while passing Long Beach, a station on appellant's road in this state. At the close of appellee's evidence appellant moved to exclude the same, and that the jury be directed to return a verdict for appellant. This motion was overruled, and that action of the court is the basis for the assignment of error principally relied on by appellant in this court.

Appellant introduced no evidence, and the case therefore went to the jury on the evidence of appellee under the instructions of the court. Appellee's case is as follows:

Long Beach, where the injury took place, is an incorporated municipality in this state. Appellee was walking along the station platform at Long Beach, on her way to the station, on a lawful mission. She was on the west side of the depot, going in an easterly direction. Appellant's train from which the mail bag was thrown was going in a westerly direction. As the train passed appellee going about thirty-five miles an hour, the United States mail clerk threw a bag of mail from the mail car, which bag struck plaintiff on the head, knocking her down and injuring her.

On the east side of the station, from four hundred and fifty to five hundred feet from where appellee was struck, there was a mail crane which was the place at which the mail should have been thrown off, and had always theretofore been thrown off. Not only was there no practice of throwing the mail off elsewhere than at said crane, but the evidence showed that it was never known to be thrown off where appellee was injured or any where else west of the platform of the station.

There was little, if any, controversy between appellant and appellee as to the general principle that a railroad company is not responsible for the negligent act

of a postal clerk upon its train employed by the federal government and in charge of its mails, that such a clerk is not an employee of the railroad company; he is neither the servant nor the agent of the railroad company, because the railroad company has no part in his selection or employment, no supervision or control over him, and no power to discharge him, and therefore in no sense is his act that of the railroad company. A railroad company may, however, become liable for the wrongful acts of mail clerk where, without objection, although objection might be effective, it knowingly suffers such clerk to engage in practices dangerous to those in proximity to its track, and to whom the railroad company owes the duty of reasonable care to protect such persons from injury by reason of the passage of its trains. *Poling* v. *Ohio River R. R. Co.,* 38 W. Va. 645, 18 S. E. 782, 24 L. R. A. 215; *Pittsburgh, etc.,* v. *Warrum* (Ind. App.), 82 N. E. 934; *Ergenbright* v. *St. L., I. M. & S. Railway Co.,* 99 Kan. 765, 163 Pac. 173.

There was no evidence whatever in this case tending to show that appellant was in any way responsible for the mail sack which injured appellee being thrown off at the wrong place, but the contrary was clearly shown by appellee's own evidence. This is a case, therefore, where the last wrongful act, namely, the act of the mail clerk, was the immediate cause of appellee's injury.

Did the fact that appellant's train from which the mail sack was thrown, was violating the speed statute fixing the maximum rate of speed of trains in municipalities at six miles per hour, and the further fact, if it was a fact, that except for such speed the mail sack would either have been thrown off elsewhere or if thrown off where it was might have struck appellee with so little force that she would not have been injured, make a case for the jury on the question of liability? Certainly appellee would not have been injured except for the independent intervention of the wrongful act of the mail clerk. It is also true that the injury might not have occurred except for

the unlawful speed of appellant's train. The principle involved is the doctrine of independent intervening efficient cause which we will undertake to state and apply to the facts of this case. We can do no better than quote what Wharton on Negligence, section 134, says on the subject:

" 'Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between the negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable.' The rule as announced by Justice Strong in *Milwaukee & St. Paul R. Co.* v. *Kellogg,* 94 U. S. 469, 475, 24 L. Ed. 256, 259, is usually regarded as sound in principle and workable in practice. He says: 'The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances,' "—and what Judge

CAMPBELL said for the court in *Marqueze* v. *Sontheimer,* 59 Miss. 430:

"As a rule, every one is liable for his own wrong, and not for that of another. A wrongdoer is responsible for the consequences produced by his own act, but not for what others, acting independently of him and for themselves, may do, even though his act may be the occasion of their doing what they do. That another independent agent, acting on his own responsibility does something because one has done a particular thing, does not make such one responsible for the act of the other. They are independent actors, and each is answerable for his own acts, because of the want of causal connection between the acts. Consecutive wrongs done by independent agents cannot be conjoined to increase or enlarge the responsibility of one of them."

The application of this principle to the case in hand, as it appears to the court, clearly results in no liability on the part of appellant. We have not here an unbroken chain of cause and effect. The speed of the train had nothing whatever to do with the mail clerk throwing the mail bag out at the wrong place. There was not an unbroken chain of sequence leading up to the last act by which the injury was inflicted. On the contrary, a free independent agent, namely, the mail clerk, intervened, and the most that can be said is, used the speed of appellant's train to cause the injury complained of. It was an act on the part of the mail clerk that appellant could not have reasonably foreseen would occur. It never had occurred before. If this were a case where there was any evidence whatever tending to show that the speed of the train had any casual connection with the throwing out of the mail bag at the wrong place, it might be a question for the jury. But there was no such evidence. See, further, as to the doctrine of independent intervening efficient cause, *Harton* v. *Forest City Telephone Co.,* 146 N. C. 429, 59 S. E. 1022, 14 L. R. A. (N. S.) 956; *Mil-*

*waukee & St. Paul R. R. Co.* v. *Kellogg,* 94 U. S. 469, 475, 24 L. Ed. 256, 259.

*Telephone Co.* v. *Woodham,* 99 Miss. 318, 54 So. 890, *Y. & M. V. R. Co.* v. *Smith,* 103 Miss. 150, 60 So. 73, and *I. C. R. Co.* v. *Thomas,* 109 Miss. 536, 68 So. 773, relied on by appellee, are not in conflict with the views herein expressed, but, on the contrary, recognize the principle.

We are of the opinion, therefore, there is no liability, and the court should have directed a verdict for appellant.

Reversed, and judgment here for appellant.