OZEN *v.* SPERIER *et al.*[*]

(Division B. May 7, 1928.)

[117 So. 117. No. 27066.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 701, n. 47; Damages, 17CJ, p. 1095, n. 87; Master and Servant, 39CJ, p. 537, n. 12; p. 1112, n. 48; Theory on which case is tried in court below must be strictly adhered to an appeal, see 2 R. C. L. 79; 1 R. C. L. Supp. 387; 4 R. C. L. Supp. 79; 5 R. C. L. Supp. 68; 6 R. C. L. Supp. 65; 7 R. C. L. Supp. 31; On excessiveness of verdicts in action by person injured for injuries not resulting in death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1234.

*J. D. Arlington* and *Mize, Mize & Thompson,* for appellant.

*Carl Marshal,* for appellee.

*Geo. R. Smith* and *Jno. S. Hees,* for appellee.

*J. D. Arrington* and *Mize, Mize & Thompson,* in reply for appellant.

Pack, J. Appellant sued the Glover Construction Company and Lewis Sperier as joint tort-feasors. At the conclusion of the evidence, the trial court granted a peremptory instruction and directed a verdict in favor of the

Glover Construction Company. The cause being submitted to the jury as to the liability of Sperier, a verdict of five hundred dollars was returned against him. The appellant, plaintiff in the court below, appeals from the action of the court in directing a verdict as to the construction company, and from the verdict as to Sperier, on the ground of the inadequacy of the verdict.

Appellant was a brick mason employed by the construction company, contractor, in the construction of the Pine Hills Hotel located at a point some ten miles distant from Pass Christian. The construction company transported its employees daily from their homes at Pass Christian to their work, returning at the close of the day. Motor-driven trucks were used for this purpose, and, usually, three trucks were in service. There was a private roadway, rough and uneven, extending from the hotel to the main highway, over which these trucks moved.

The declaration avers that the truck on which the appellant was riding was overcrowded so that he was unable to procure a seat thereon except on the lap of another employee, and it became necessary "to place his feet upon a board lying crosswise the side planks on top of said truck;" the truck, being thus loaded and driven by another employee, was proceeding over said roadway, when it was met by one of Sperier's trucks loaded with seven iron brackets weighing seven hundred fifty pounds each, which were protruding over the sides; that Sperier negligently ran into the other truck, and the protruding iron material caught appellant's feet and injured him. The negligence alleged against the construction company was the overcrowding of the truck so that appellant was unable, for lack of room, to extricate himself from the danger of being injured by the oncoming truck loaded as aforesaid. The unimproved roadway was also set out as a ground of negligence against the construction company.

Appellant's proof tended to show that Sperier was running at a great rate of speed, some of the witnesses placing it as fast as twenty-five miles per hour, and also that there was ample room for the trucks to pass but for the protruding irons, and that the construction company's truck had turned to the side and had been practically brought to a stop when caught by the protruding irons.

Sperier's proof tended to show that the construction company's truck ran at a dangerous rate of speed; that the boards thereon, improvised as seats, were protruding over the sides.

Appellant insists that the court erred in directing a verdict for the Glover Construction Company.

Holding appellant to the case made in his declaration, we have no difficulty in reaching a conclusion. The construction company is charged with two grounds of negligence: (1) The overcrowding of the truck and (2) the unimproved roadway.

Appellant's proof shows conclusively that neither of these alleged acts of negligence could have been the proximate cause of the injury. But for the oncoming negligently loaded and negligently driven truck of Sperier, there would have been no injury. This was an independent, responsible, intervening cause, the happening of which we do not think the construction company was called upon reasonably to anticipate. *L. & N. R. R. Co.* v. *Daniels,* 135 Miss. 33, 99 So. 434, 34 A. L. R. 516.

It is true Sperier undertook, in his defense, to cast the blame upon the construction company by showing an excessive rate of speed of its truck, and by showing there were protruding planks thereon. Conceding, but not deciding, this to be true, it still appears that these acts of negligence were not set out in the declaration, and when this testimony came in, no leave was asked to amend.

The plaintiff, appellant here, is bound by the case made in his declaration. He cannot make one case in his pleadings, and another by his proof. This court so held in *Powell v. Plant,* 23 So. 399, not officially reported.

If the alleged negligence of the driver of the construction company had been averred in the declaration and established by proof, it would not avail appellant, for the reason that this driver was a fellow servant, for whose negligence the construction company was not liable. *Great Southern Lumber Co.* v. *Hamilton,* 137 Miss. 55, 101 So. 787.

We therefore hold the trial court was not in error in directing a verdict for the Glover Construction Company.

On the question of the inadequacy of damages, the proof shows, without conflict, that the appellant was earning twelve dollars per day; that he was injured on July 16th, and was unable to return to work until the last of December; that his pain and suffering were intense; that his doctor's and hospital bills amounted to two hundred eight dollars; that, as a result of his injury, he was lame at the time of the trial, and has difficulty in procuring and holding jobs as a brick layer because of his inability to stand on uneven scaffolds, and is unable to make regular time. For all of these, in addition to the pain and suffering, he was awarded the sum of five hundred dollars, less than one-third of his actual earnings for the time lost, slightly above his bills for doctor and hospital services.

We think this verdict was grossly inadequate, and evinces bias or prejudice against the rights of appellant.

The judgment will be affirmed as to liability, and reversed and remanded for a new trial as to the measure of damages only.

Affirmed as to liability, and reversed and remanded as to damages only.

*Affirmed.*
*Reversed and remanded.*