BUFKIN *v.* LOUISVILLE & N. R. Co.

(Division B. Nov. 9, 1931.)

[137 So. 517. No. 29567.]

Mize, Mize & Thompson, of Gulfport, for appellant.

Smith & Johnson, of Mobile, Ala., for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Harrison county to recover damages for a personal injury received by appellant through the alleged negligence of appellee.

Appellee's demurrer to the declaration was sustained, on the ground that the declaration set out no cause of

action under the law. Appellant declining leave to amend the declaration, judgment final was entered, dismissing the cause, and from that judgment appellant prosecutes this appeal.

The declaration sets out the ground of appellee's liability in this language:

"Plaintiff avers that on said date one of the passenger trains of the defendant had pulled into the depot, within the city limits of the city of Gulfport, and, as it was pulling out, it was running at a speed of about twelve or fifteen miles per hour, alongside of the depot in said municipal limits, and in violation of the laws of the state of Mississippi (the six-mile statute), and as the rear coach of said passenger train was passing by the ticket window, at a speed, as aforesaid, of about fifteen miles per hour, one of the passengers of the defendant company, in an effort to try and catch said train being operated at said unlawful speed, ran against plaintiff, causing him to fall against said train, and said train struck plaintiff, and knocked him down and caught his leg between the platform of the depot and some part of the train, and broke his leg.

"Plaintiff avers that it was negligence on the part of the defendant to operate its trains at a greater rate of speed than six miles per hour, and that said negligence of the defendant proximately contributed to plaintiff's injury.

"Plaintiff avers that if said train had been running at six miles per hour, as provided by law, that he would not have been thrown to the pavement or floor of the platform and would have had time to extricate himself from a place of danger and he would not have been so badly hurt and that said negligence of the defendant was the proximate cause of his injury."

It is evident that under the allegations of the declaration appellant would not have been injured except for

the independent action of the passenger in running against him, and knocking him against the moving train. Appellant was entirely out of danger up to that time— he was out of the sweep of the moving train.

Under section 6130, Code of 1930, fixing the maximum speed limit of trains in municipalities at six miles an hour, and providing that a railroad company violating the statute shall be liable for any damage or injury which may be sustained by any one from the locomotive or cars running at a greater rate of speed than six miles an hour, such liability is not an absolute one. The excessive speed must be the proximate cause of the injury. Clisby v. M. & O. R. Co., 78 Miss. 937, 29 So. 913; Louisville, N. O. & T. R. Co. v. Caster (Miss.), 5 So. 388; Illinois Cent. R. Co. v. Watson (Miss.), 39 So. 69; Howell v. I. C. R. Co., 75 Miss. 242, 21 So. 746, 36 L. R. A. 545; Louisville & N. R. Co. v. Jones, 134 Miss. 53, 98 So. 230; Louisville & N. R. Co. v. Daniels, 135 Miss. 33, 99 So. 434, 435, 34 A. L. R. 516.

The question is whether the excessive speed of the train was the proximate cause of appellant's injury. Appellant, with other persons, was standing on the platform, clear of the sweep of the moving train. He was entirely out of danger from the excessive speed of the train. While so situated, a passenger, trying to embark on the train, ran against appellant, and struck him down, resulting in the injury. Except for that act of the passenger, appellant would not have been injured. We think the cases of Louisville & N. R. Co. v. Daniels, supra, Louisville & N. R. Co. v. Jones, supra, Howell v. I. C. R. Co., supra, Ozen v. Sperier, 150 Miss. 458, 117 So. 117, and Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685, are decisive of the question against appellant's contention. The passenger who knocked appellant down was an independent, intervening agency that caused his injury, for which appellee is not liable. A wrongdoer

is responsible for the consequences of his own wrongful act, but he is not responsible for what others, acting independently of him, and for themselves, did, even though his act may be the occasion of their act. They are independent actors, and each is responsible for his own act. "Consecutive wrongs, done by independent agents, cannot be conjoined to increase or enlarge the responsibility of one of them." One person is negligent on a particular subject-matter; another person, moving independently, comes in, and either negligently or maliciously so acts as to make the negligence of the other injurious to a third person. In such a case the person so interfering "acts as a nonconductor and insulates" the negligence of the other person. Louisville & N. R. Co. v. Daniels, supra; Marqueze v. Sontheimer, 59 Miss. 430.

To illustrate with a supposed case: A train is running through a municipality at a greater rate of speed than six miles an hour. A and B are standing near the track. A, for the purpose of destroying B's life, suddenly pushes him onto the railroad track, in front of the oncoming train; B is struck by the train and killed. If the railroad company had not been violating the speed limit, B could have extricated himself from the dangerous situation. Would the railroad company be liable for B's death? We think not. The proximate cause of his death would be the independent, intervening act of A in pushing B onto the railroad track. A would only be using the negligence of the railroad company to accomplish his purpose. There would be no legal connection between the negligence of the railroad company and B's death.

Appellant, to sustain his contention, cites Brinkley v. So. Ry. Co., 113 Miss. 367, 74 So. 280; Jones v. I. C. R. Co., 75 Miss. 970, 23 So. 358; Tendall v. Davis, 129 Miss. 30, 91 So. 701. We do not think those cases in point; they do not lay down principles in anywise contrary to

those declared in the Daniels case and others referred to above.

Appellant argues that the excessive speed of the train was the independent, intervening cause of his injury, and not the act of the passenger in knocking him down. We are unable to see the force of that position. The negligence of appellee was going on before appellant's injury, during the time of his injury, and continued thereafter, and, while so in progress, the passenger, for whose act appellee was not in anywise responsible, intervened and caused the injury. It is true that, except for the negligence of appellee, the injury would not have occurred; but it is also true that, notwithstanding the negligence of appellee, the injury would not have occurred except for the independent, intervening negligence of the passenger. The negligence of appellee was harmless in itself, but was rendered harmful by the negligent act of the passenger. The proximate cause of the injury, therefore, was not the negligence of the appellee, but that of the passenger.

Affirmed.