DANIEL *v.* LIVINGSTONE.

(Division A.  Nov. 6, 1933.)

[150 So. 662.  No. 30667.]

312

J. A. Cunningham and Floyd Cunningham, both of Booneville, and Long & Long, of Tupelo, for appellant.

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellee.

314

McGowen, J., delivered the opinion of the court.

Daniel, as plaintiff in the court below, sued Howard Smith and J. A. Livingstone in the circuit court of Prentiss county for damages growing out of the death of his wife, because of negligence of the defendants as drivers of automobiles which collided on the public streets of the city of Tupelo. Upon the allegations of the declaration alone, on motion of the defendant A. J. Livingstone, the venue of the action was changed as to him to Lee county. Howard Smith was a resident citizen of Prentiss county, and process was served upon him therein. A. J. Livingstone was a resident citizen and householder of Lee county, and process was served upon him in that county. No evidence was heard upon the motion for the change of venue; therefore the action of the court in so doing is based entirely upon the allegations of the declaration.

J. A. Daniel and his wife were in their car, which was being driven by Howard Smith north on Green street. The declaration charges that, as Smith was thus driving north on Green street, at the intersection of Jefferson street, he saw, or could have seen by the exercise of reasonable care, the defendant Livingstone recklessly approaching from the west in his automobile at a high and unlawful rate of speed, and that it was the duty of the defendant Smith to go forward in a hurry to avoid the impending collision and to give distress signals, but he negligently failed to exercise reasonable care in regard to these duties, and proximately contributed to the injury and death of the plaintiff's intestate. The declaration further charged that the defendant A. J. Livingstone willfully, negligently, and unlawfully drove his high-powered car against the car in which plaintiff's intestate

was riding at the time, at the intersection of said streets, and as a result of the collision Mrs. Daniel was killed. It then alleges that, due to the joint negligence of Livingstone in driving fast and not looking out, and the negligence of Howard Smith in driving slow and not looking out, they were both liable for the death of plaintiff's wife.

Upon the motion for a change of venue on behalf of Livingstone, the court necessarily held that Howard Smith was not a material party to the cause of action, and ordered the change of venue. When the case was docketed and called for trial in Lee county, the plaintiff moved the court to remand it as to Livingstone to the circuit court of Prentiss county, which motion was overruled.

Section 495, Code 1930, is the statute fixing the venue of actions as to the county generally, and has this applicable provision: "If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, . . . the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence." In a preceding portion of this section, the venue is fixed as being in the county in which the defendants, or any of them, may be found. Smith was found and served with process in Prentiss county.

In our opinion, the declaration stated a cause of action against the two defendants based upon their concurring negligence in the want of due care in driving the two automobiles. In effect, the declaration charges that Smith did not exercise due care in crossing the intersection, in that he either did not see, or, seeing, failed to act, and drove the car at such a slow rate of speed as permitted the other car, which was traveling from west to east, to collide with the car, when by the exercise of reasonable care he could have driven the plaintiff's car out of the line of attack.

Appellee's position is based upon the controlling rule of law that, where one cause merely created the condition, and after the condition had been created an intervening agency produced the injury, the first cause is not the "proximate cause." Garrett v. Louisville & N. R. R. Co., 196 Ala. 52, 71 So. 685; Louisville & N. R. R. Co. v. Daniels, 135 Miss. 33, 99 So. 434, 34 A. L. R. 516; Ozen v. Sperier et al., 150 Miss. 458, 117 So. 117. We think these cases are not applicable to the facts which we have detailed as being the substance of the declaration, for the reason that the concurring negligence of the two drivers of the automobiles which collided brought about at the same moment the collision resulting in the death of plaintiff's wife. In other words, it was the joint, concurrent negligence as alleged by the declaration which caused the death of Mrs. Daniel.

In driving an automobile across intersections of streets or public highways, the driver must keep a reasonable lookout for persons in the line to be traversed. McDonald v. Moore, 159 Miss. 326, 131 So. 824. The driver of an automobile has no right to drive blindly upon the assumption that a highway will not be obstructed by another automobile or person; the driver must keep his motor vehicle under control and be on the alert for pedestrians and other motor vehicles on the highway; he must drive at a rate of speed which will enable him to avoid injury to those who should come under his observation. Rhodes v. Fullilove, 161 Miss. 41, 134 So. 840, 841; Snyder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402; Aycock v. Burnett, 157 Miss. 510, 128 So. 100; Ulmer v. Pistole, 115 Miss. 485, 76 So. 522.

In Terry v. Smylie, 161 Miss. 31, 133 So. 662, 664, this court said, as to a driver of an automobile on the public highways of the state: "He must at all times drive his car at a reasonable rate of speed, in view of the conditions with which he is confronted. He has no right to

assume that the street is clear. He has no right to assume that all other persons are obeying the traffic laws."

The facts alleged in this declaration seem to us hardly to be distinguished in their essential features from the case of Greer v. Pierce (Miss.), 147 So. 303, in which both drivers of cars which collided at an intersection were shown to be negligent. In that case it was held that the concurrent negligence of the two drivers warranted the jury in finding that both were negligent.

In the case of Trolio v. Nichols, 160 Miss. 611, 132 So. 750, 133 So. 207, 208, the rule as to a change of venue is announced, and the right of a freeholder to be sued in the county of his residence, where another is joined for fraudulent purposes but is not a material defendant, is discussed; and the court said: "If he is not a material defendant, and is joined as such by the plaintiff for the fraudulent purpose of giving the court jurisdiction, the cause will be dismissed or transferred to the proper county"—citing 40 Cyc. 97, and cases in the notes; 15 C. J. 800, and case notes; Tchula Commercial Co. v. Jackson, 147 Miss. 296, 111 So. 874.

Applying this rule, we are of opinion that Smith, the defendant living in Prentiss county, was properly joined in this declaration and was a material defendant, and the plaintiff has the statutory right to bring the suit in the county in which one of the defendants resides, where he does not do so for fraudulent purposes, or where the resident defendant is not a material defendant. This right is also valuable. The plaintiff selected the venue, as he had a right to do; he could have sued in either county. There is no evidence of fraud in this case, as no witnesses were heard by the court.

We think the court erred in granting the change of venue and in refusing to remand the case on the motion of the plaintiff in the court below. It is unnecessary to advert to the facts or discuss any other question presented. If anything, the facts heard on the trial of the

Livingstone case in Lee county strengthen the position here. Of course, there was no evidence to develop the facts in so far as the plaintiff was concerned as to the defendant Howard Smith. After the cause of action had been split, he was forced to litigate in Lee county with the defendant Livingstone alone.

The court below is instructed to remand the case for a trial on the declaration to the circuit court of Prentiss county, and to that end the case is reversed.

Reversed and remanded.