BREWER *v*. TOWN OF LUCEDALE.

(In Banc.   October 7, 1940.)

[198 So. 42.   No. 34219.]

**Ford & Ford,** of Pascagoula, for appellant.

**T. H. Byrd** and **O. F. Moss,** both of Lucedale, for appellee.

McGowen, J., delivered the opinion of the court.

Ausband Brewer, the appellant, sued the Town of Lucedale for damages for personal injuries sustained by him. The case was tried, all of the evidence offered by the plaintiff being heard; and at the conclusion thereof, the appellee, the Town of Lucedale, made a motion to exclude the evidence and requested a directed verdict in its favor. This motion was sustained, the peremptory instruction was given, and the jury returned a verdict in accordance therewith for the appellee, the Town of Luce-

dale; and appeal is prosecuted here. It is assigned as error that the court below erred in directing a verdict for the appellee.

The appellant sustained his injuries at or near the intersection of two streets, which were being maintained by the municipality. In the Town of Lucedale, Magnolia Street runs North and South and intersects Ratliff Street, which runs East and West. Immediately before the accident, the appellant was employed as a W. P. A. worker, with four or five others, to work on the street. The streets were graveled, and these laborers were working with shovels placing gravel in holes in the street at the intersection. Brewer, together with these men, saw a car being driven by Mrs. W. W. Thomas, traveling East on Ratliff Street and approaching this intersection. When they saw this car, as per order of their superiors, they moved from near the center towards the side of the street in order to allow the car to pass. At that time, another car driven by Pete Dorsett was traveling North on Magnolia Street, and was also approaching this intersection. As they were getting out of the way of the Thomas car, the Dorsett car collided with the Thomas car, the latter being knocked out of line so that Brewer was directly in front of it. The fair inference from the testimony of all of the witnesses indicates that at that time the Thomas car was proceeding slowly, probably at the rate of four or five miles an hour.

At the Northeast intersection of these two streets, there was a catch-basin made of concrete, which extended out into the street two or three feet and was open and uncovered. The catch-basin was about eighteen inches in depth, two and one-half feet in length and two feet in width. This basin extended into the traveled portion of the street. In getting out of the way of the Thomas car, Brewer went to the side of the street near the catch-basin, and when he heard the collision and saw the car in front of him, in his effort to avoid being hit, he staggered and fell into the hole or catch-basin. Brewer testified that:

"The car going east slid in to me, and I threw out my hand, and it struck my arm, . . . and I staggered back, and walking back, and running backwards, and I fell into the hole that was there. . . . When I fell that way in the hole, I felt my leg break as it struck the far edge of the concrete of the hole, and I went to rolling over there, and I must have rolled over about four times, every time I would turn over and the car was right at me, and the car stopped, and I was stopped too." He testified that when the car veered toward him, he was facing it and put his hand on the radiator as it came upon him. The rear wheel of the car stopped in the hole. In another part of his testimony, he said he was walking backward, staggering from the blow of the car, and that he felt as if the large front bone of his knee was broken at the time by the impact. Because of the broken limb, Brewer was immediately sent to a hospital, where he remained for quite a time, suffering much pain, and he continued to suffer thereafter. He was unable to walk with ease at the time of the trial.

His co-workers, as witnesses varied their testimony as to the distance and other matters, but in the main, they corroborated his statement as to the manner in which he sustained the injury. It was not shown that Brewer had any responsibility for the maintenance of the streets, catch-basins, or construction thereof. All of the witnesses concurred in the statement that Brewer's leg was not broken by the impact of the car, and all of the evidence shows that no injury would have been sustained if it had not been for the fall into the catch-basin.

It is the contention of the Town of Lucedale that the collision of the cars, together with the fact that Mrs. Thomas's car struck or came in contact with Brewer, was the sole, independent, proximate, intervening cause of the injury. It is not in dispute that the municipality was negligent in constructing an open catch-basin of concrete protruding into the street about thirty or forty inches.

It is the contention of the appellant, Brewer, that a

concurring proximate cause of the injury was the negligent act of constructing an open concrete basin in the street and leaving it uncovered. It was shown that this basin had been so constructed and thus maintained, uncovered, for more than four years.

Counsel for both appellant and appellee have cited many cases in this State, applying and differentiating the facts to suit the two contentions. We think the law in this State is so well settled that we do not have to resort to cases from other courts for the decision of the question presented in the case at Bar. The facts of this case do not present a case for a directed verdict. It was for the jury to determine.

Restatement of the Law of Torts, Section 439, aptly and tersely states the rule which obtains in Mississippi in the following language: "The Effect of Contributing Acts of Third Persons When the Actor's Negligence is Actively Operating. If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability." And, see Comments thereunder.

In our opinion, on the facts here shown, the construction and maintenance of a drain, heretofore described, could be held to be negligence on the part of the municipality. It is quite certain that the injury here complained of would not have been sustained had it not been for the concurring, continuing forces, jointly contributing to his injury. In his effort to escape being run over by the car, the appellant staggered into, what was to him at the time, an open trap, calculated to bring about injury to any person thus situated.

The record shows that pedestrians cross from the Southeast corner of the Courthouse lot to this corner about where this catch-basin was located. It must be

said that it was a question for the jury as to whether or not the municipality could reasonably foresee that some accident might occur to people using the street by day or night at this point. Collisions of cars at street intersections are so common as to be readily anticipated. That being true, the Town of Lucedale, in constructing the concrete catch-basin and leaving it uncovered, could reasonably foresee that some pedestrian or occupant of an automobile might be injured at this catch-basin in some manner because it was uncovered. It is true that the actor, here, the Town of Lucedale, may not have foreseen that this particular manner of effecting an injury would occur, but they might have anticipated that some injury might occur under similar circumstances. We think the jury could reasonably have found that this could have been foreseen by the average normal person, and by the municipality here, whose duty it was to exercise reasonable care to so maintain its streets as not to injure a person exercising reasonable care.

Whether Mrs. Thomas's act in driving upon Brewer was innocent, tortious or 'criminal does not alter the fact that at the same time the continuous act of the town in maintaining an open catch-basin, together with the act of the automobilist, were concurrent causes, not independent of each other, and contributed to his injury. This Court is committed to the doctrine that, even though a hole is not within the confines of the street, but close enough to become a hazard should a person inadvertently step into it, the jury may find this to constitute negligence. See City of Vicksburg v. Scott, 168 Miss. 572, 151 So. 914; Standard Oil Company v. Decell, 175 Miss. 251, 166 So. 379.

In the case at Bar, the collision of the two cars, and the subsequent veering of Mrs. Thomas's car out of line toward the appellant was its contributing cause, but not the sole proximate cause. In other words, the action of both the town and the driver of the automobile constituted causa causans.

We can do no better than quote from the case of Cumberland Telephone Co. v. Woodham, 99 Miss. 318, 54 So. 890, 891, wherein this Court said: ''Without attempting to define proximate cause in such terms as will be applicable to all states of fact—for to do so is practically impossible—it will be sufficient to say that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done. In order that a person may be liable for damages resulting from his negligence, it is not necessary that his negligence should have been the sole cause of the injury. His negligence may be the proximate cause, where it concurs with one or more causes in producing an injury, and, although the author or authors of such cause or causes may also be liable therefor. 29 Cyc. 492-496, inclusive, and authorities there cited. 'If a defendant is negligent, and this negligence combines with that of another, or with any other independent intervening cause, he is liable, although his negligence was not the sole negligence, or the sole proximate cause, and although his negligence, without other independent intervening cause, would not have produced the injury.' Susie B. Harrison v. Kansas City Elec. Light Co., 195 Mo. 606, 93 S. W. 951, 7 L. R. A. (N. S.) 293.''

The language here, in substance, is re-adopted in the case of Public Service Corporation v. Watts, 168 Miss. 235, 150 So. 192, and again in Superior Oil Company v. Richmond, 172 Miss. 407, 159 So. 850; and the case of Mississippi Central R. Co. v. Alexander, 169 Miss. 620, 152 So. 653, more nearly fit the facts of this case.

Counsel for appellee rely very strongly on the case of

Bufkin v. Louisville & N. R. Company, 161 Miss. 594, 137 So. 517. In that case, the injured party was standing on the platform at the depot of the railroad company, in no danger from a passing train. A passenger desiring to catch that train, ran into and knocked the party beneath the train, and he was injured at a time when the train was running at an excessive rate of speed, above six miles per hour, in violation of a statute. The Court held that the running of the train at an excessive rate of speed might have been the occasion for the passenger to run into the bystander, in his attempt to board the train, but the speed of the train, under the facts of the case, was not a proximate cause of the injury. Paralleling the facts of the two cases, the Bufkin case clearly has no application to the facts of the case here. The catch-basin here was more than an occasion—it was an active cause.

The catch-basin here in question was not a remote cause. It was continuing, ever present; it was an open catch-basin into which an unwary pedestrian might stumble under many different circumstances. It was therefore present and continuing, contributing and concurring in the act of the driver of the automobile; and this would be true even if the concurring cause related back to the collision.

Another case relied on, known as the mail clerk case—Louisville & N. R. Co. v. Daniels, 135 Miss. 33, 99 So. 434, 34 A. L. R. 516. We held that the railroad was not liable for the act of a mail clerk on its train, in hurling therefrom a mail bag which hit the plaintiff. The mail clerk had never thrown out a bag at that particular place on the platform, being under orders to throw it out at another point. It was contended that the speed of the train was a proximate cause. We held that the speed of the train had nothing whatever to do with the mail clerk throwing the bag out at the wrong place; that there was not an unbroken chain of sequence leading up to the last act by which the injury was inflicted, and that as a free and

independent agent, the mail clerk intervened. The most that could be said of the case is that the speed of the train may have been used by the mail clerk to accomplish the injury; that it could have been foreseen by the railroad company, and that there was no connection between the speed of the train and the act of the mail clerk. We likewise think that the simple statement of that case demonstrates that the principle there invoked cannot be applied to the facts of this case. The chain of events here, in the case at Bar, are unbroken. The man staggered back, fell into the catch-basin and was injured, and while the approaching car contributed thereto, the proximate cause was directly referable to the open, uncovered basin. The chain of events was unbroken, acting together concurrently to bring about the injury; and whether Mrs. Thomas was innocent in the control of the car under those circumstances, or guilty of negligence, or if she had been guilty of a crime in so driving and controlling the car, her act was simply a concurrent contributing cause and not an independent cause which insulated the negligence of the first actor, the Town of Lucedale.

We are of opinion that the court below erred in granting a peremptory instruction, and that the case should be submitted to the jury on another trial.

Reversed and remanded.