MYRES v. VINSON, et al.

Division B. Sept. 24, 1951.

No. 37802 (54 So. (2d) 168)

86

. **Neal Prisock** and **J. Hoy Hathorn,** for appellant.

**William Haralson,** for appellee.

**Hall, J.**

B. M. Myres, being at the time a resident citizen of Lamar County, Mississippi, died April 22, 1946, leaving an insurance certificate upon his life issued by The Sovereign Camp of the Woodmen of the World in the face amount of $2000. His wife was named as beneficiary in this certificate but she predeceased him and, he having no children, the proceeds became payable under the terms of the certificate to his brother, the appellant. The deceased left a will whereby he made disposition of the proceeds of this insurance and S. J. Vinson was appointed executor of this will. On June 12, 1946, for a recited consideration of $275 and the desire of appellant to see the provisions of his brother's will carried out, he executed to the executor an assignment of his entire interest in said benefit certificate, and the proceeds thereof were collected by the executor, distributed under orders of the Chancery Court of Lamar County, and the executor was finally discharged.

On August 19, 1949, appellant brought suit in the Chancery Court of Winston County, Mississippi, where he resides, against both the insurer and Vinson, alleging that the assignment aforesaid was obtained by fraud, and praying that it be set aside and that he be awarded judgment against the insurer for the face amount of the policy.

S. J. Vinson appeared and filed a motion to have the cause transferred to the Chancery Court of Lamar

County upon the ground that in obtaining the assignment he was acting solely in his capacity as executor and that for this reason the case should be heard and considered by the chancery court where the estate was administered. This motion was sustained and the cause. ordered transferred to Lamar County, but the chancellor granted an appeal to this Court. On January 22, 1951, we overruled a motion to dismiss this appeal for the sole reason that in view of appellant's extreme age this was an exceptional case in which expense and undue delay should be avoided, as particularly specified in Section 1148, Code of 1942.

The sole question presented is whether venue of this cause was properly laid in Winston County, and, therefore, whether the chancellor erred in ordering the cause transferred to Lamar County for trial.

One of the defendants, The Sovereign Camp of the Woodmen of the World, is a foreign corporation, organized and existing under the laws of Nebraska. It is a fraternal benefit association but insofar as our venue statute is concerned it is an insurance company. Masonic Benefit Association of Stringer Grand Lodge of Mississippi v. Dotson, 111 Miss. 60, 71 So. 266. Appellant, who brought this suit, is a bona fide resident and citizen of Winston County, and, under the terms of the policy, is the sole beneficiary therein. Section 1435, Code of 1942, provides: "Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county, to be served as directed by law . . ."

It is therefore clear that appellant is entitled to maintain his suit against the insurance company in Winston County. But appellee, Vinson, contends that the order transferring the cause to Lamar County was proper because Section 1274, Code of 1942, provides that ". . . suits against executors, administrators, and guardians, touching the performance of their official duties, and

suits for an account and settlement by them, and suits for the distribution of personalty of decedents among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court in which the will was admitted to probate, or letters of administration were granted, or the guardian was appointed . . . '' As a matter of fact Vinson was sued as an individual in this case and not in his capacity as executor, his trust in that respect having been terminated and a discharge therefrom having been granted about three years before institution of this cause. Irrespective of this, however, it is argued that the last quoted statute is analogous to our statute, Section 1433, Code of 1942, which provides that if a public officer be sued out of the county of his household and residence along with a surety on his bond or some other joint defendant, the venue shall nevertheless be changed on his application to the county of his household and residence. The trouble with this argument is that Section 1274 contains no such provision for a compulsory change of venue where an executor is sued along with another defendant in some county other than that in which the will was admitted to probate.

■■ Unquestionably the general rule is that where there are two or more defendants to a transitory cause of action whose venue is fixed by statute in either of two or more counties, the plaintiff or complainant may elect to bring the suit in either county, provided the defendant in the county where the suit is brought is a material party and there is a valid cause of action against him and he is not fraudulently joined for the purpose of fixing venue. Indianola Cotton Oil Co. v. Crowley, 121 Miss. 262, 83 So. 409; Daniel v. Livingstone, 168 Miss. 311, 150 So. 662; Mississippi Power & Light Co. v. Lowe, 179 Miss. 377, 175 So. 196. ■■ Under our statute suits against public officers and the sureties on their bond, or against public officers and other defendants, are in exception to the general rule above stated. Suits

against executors are not an exception in the absence of a specific statutory regulation so providing. Hamilton v. Clarion, M. & P. R. Co., 144 Pa. 34, 23 A. 53, 13 L. R. A. 779.

It follows, therefore, that venue was properly laid in Winston County and that the decree granting a change of venue to Lamar County was erroneous, and that the same should be reversed and the cause remanded for hearing on the merits in Winston County.

Reversed and remanded.